UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUY GROS AND ELIDA CERVANTES-GROS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1138 |
| | § | |
| WALKER COUNTY HOSPITAL CORPORATION | § | |
| D/B/A HUNTSVILLE MEMORIAL HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the court is the Magistrate Judge's Memorandum and Recommendation (Dkt. 27) ("M&R") relating to defendant Huntsville Memorial Hospital's ("HMH") motion to dismiss plaintiffs Guy and Elida Cervantes-Gros' Section 1983 claims and state law defamation per se and breach of contract claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 21).[1] The M&R recommends granting HMH's motion to dismiss the Gros' Section 1983 claims, and Mrs. Cervantes-Gros's defamation claim. Dkt. 27. The M&R recommends denying HMH's motion to dismiss the Gros' remaining state law claims of defamation per se and breach of contract. *Id.*

Objections to the M&R were due on August 19, 2019. HMH filed objections (Dkt. 29), but did not object to the Magistrate Judge's recommendation that the Gros' Section 1983 claims be dismissed. The Groses did not file any objections. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). The court, having

---

[1] HMH also argues for dismissal of the defamation claims pursuant to the Texas Citizens Participation Act ("TCPA"). *See* Dkt. 21. However, for the reasons explained herein, the court does not reach analysis of the Gros' state law claims.

reviewed the motion, M&R, record evidence, and applicable law, and having received no objections as to the Magistrate Judge's recommendation on the Section 1983 claims, finds no clear error with the Magistrate Judge's recommendation that HMH's motion to dismiss the Gros' Section 1983 claims be granted. Thus, the court ADOPTS IN PART the M&R and, for the reasons stated in part III.A. (Dkt. 27), GRANTS HMH's motion to dismiss the Gros' Section 1983 claims. The Section 1983 claims asserted against HMH are hereby DISMISSED WITH PREJUDICE.

Because no federal claims remain, this court declines to exercise supplemental jurisdiction over the state law defamation and breach of contract claims. *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000) (affirming dismissal of the Section 1983 claims, declining to exercise jurisdiction under 28 U.S.C. § 1367(c)(3) over the supplemental state law claims, and remanding the state law claims for dismissal without prejudice). Thus, the court REJECTS IN PART as moot those portions of the M&R pertaining to the state law defamation per se and breach of contract claims. Dkt. 27. The state law defamation per se and breach of contract claims are hereby DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

It is so ORDERED.

Signed at Houston, Texas on August 22, 2019.

_____
Gray H. Miller
Senior United States District Judge